

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DENNIS J. REID,

    PLAINTIFF,

vs.                                                                                          CASE NO. CV 97-J-3297-S

SCI ALABAMA FUNERAL
SERVICES, INC., d/b/a
RIDEOUT'S BROWN-SERVICE
(Gardendale Chapel),

    DEFENDANTS.



## MEMORANDUM OPINION

The plaintiff has filed a motion to remand for this action for lack of subject matter jurisdiction. This case was previously removed to federal court on July 10, 1997 and remanded to state court by final order on September 18, 1997. On December 23, 1997 defendant again filed a notice of removal to federal court within thirty days of a November 27, 1997 memorandum opinion entered in a separate matter.

In his original complaint filed in the Circuit Court of Jefferson County (Case no. CV-97-3584), the plaintiff alleges that pursuant to an already purchased burial policy, the plaintiff arranged a funeral for his deceased mother. According to the allegations in the complaint, the defendant explained to the plaintiff what the policy included and the plaintiff accepted those arrangements. After being told by the defendant that an upgraded casket, purchased elsewhere, could be used without affecting the dollar amount of the funeral

quoted, the plaintiff took the casket to the funeral home and was then informed that the cost of the funeral would greatly exceed the previously quoted amount. Based on this set of alleged facts, the plaintiff sued the funeral home, and not Liberty National Life Insurance, for fraud, breach of contract and outrage.

The defendant states in its Notice of Removal filed December 23, 1997 (doc. 1), that United States District Judge Lynwood Smith's rulings on other cases motions' to consolidate with *Battle v. Liberty National Life Insurance Co.*, CV 70-H-752-S, involve issues identical to those presented by this litigation. After a careful review of the issues involved in this litigation, and the issues as enumerated by Judge Smith in the *Battle* litigation, this court finds no common issues between the two cases. This court finds that the sole issues in this litigation are fraud, breach of contract and outrage.

The defendant alleges that plaintiff's cause of action is an attempt to re-litigate the issues previously raised in the *Battle* litigation and determined in that Final Judgment and that plaintiff seeks a determination that the named funeral director is the contractual agent of Liberty National (defendant's Notice of Removal, doc. 1 at 5). This court is unable to glean any attempt to re-litigate previously determined issues or find a request for a determination that the named funeral director is an agent of Liberty National from the plaintiff's complaint.

As has been argued in numerous previous cases, as well as before in this case, defendant argues that the federal courts have continuing jurisdiction over cases that involve

issues related to the *Battle* litigation. However, this court finds that the claims raised by the plaintiff here involve one specific set of allegations: namely being quoted one price for his mother's funeral and then having the defendant refuse to proceed with the funeral until a higher price was paid. Nothing in this set of facts invokes whatever jurisdiction may have been retained by Paragraph XXXIII of the Final Judgment in the *Battle* litigation.

Furthermore, neither the Anti-Injunction Act nor the All Writs Act confers jurisdiction on this court in the absence of a federal question or diversity of citizenship among the parties. *V.N.A. of Greater Tift County v. Heckler*, 711 F.2d 1020, 1036, n.1 (11thCir. 1983)( "[t]he All Writs Act is not an independent source of jurisdiction. Rather, it empowers the court to issue injunctive orders to preserve potential jurisdiction founded in other provisions. See FTC v. Dean Foods, 384 U.S. 597, 603, 86 S.Ct. 1738, 1742, 16 L.Ed.2d 802 (1966); ITT Community Development Corp. v. Barton, 569 F.2d 1351, 1359 n. 19 (5th Cir.1978))." A review of the complaint filed in the state court reveals that no federal question is present and that the parties do not reside in different states.

Therefore based on a consideration of all of the above, this court FINDS that the above-entitled action was removed improvidently and that this court is without jurisdiction. Accordingly, plaintiff's motion to remand is hereby GRANTED. This action shall be REMANDED to the Circuit Court of Jefferson County from whence it was removed. This result is consistent with that reached upon the previous removal of this case by defendant, and that reached by the Honorable William M. Acker, Jr., United States District Judge, in

3

*Mohl v. SCI Alabama Funeral Services*, CV 98-AR-1718-S (N.D.Ala.).

A review of the complaint in this action shows that neither federal question jurisdiction nor diversity of citizenship exists among the parties.

**DONE** this the ___/6__ day of November, 1998.

_____
Inge P. Johnson
United States District Judge

4